UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE J. NUNEZ,

Plaintiff,

v.

SAN JOAQUIN COUNTY JAIL,

Defendant.

No. 2:22-cv-00885-EFB (PC)

ORDER

Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he filed an application to proceed in forma pauperis (ECF No. 6).

Application to Proceed in Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint, signed May 20, 2022, names the San Joaquin County Jail Classification and Medical Departments as defendants and alleges the following:

> On Sep. 20, 2021 I was booked in County Jail at San Joaquin.  I was placed in ad-seg solitary confinement against my will for no disciplinary reason.  I'm told

> I'm placed here cause I am a Southern Hispanic Sureño gang member.  I'm here suffering a mental health crisis, I've caught [a] sta[ph] infection – M[ ]RSA on both of my legs and was not [given] proper medicine cause I still suffer from it, months, till this day.  We are not given equal [privileges].  We cannot do programs, church, daily showers, daily recreation, Prop 57, milestone credits, programs for early release, proper medical, mental health, jobs, trades, all the jail has to offer. We are singled out based on our race when surrounding jails do not treat us this way. . . . .
>
> . . . We have no safety concerns. We can house with other races white blacks, native, anybody. . . .  It's cruel and unusual punishment and its racist.

ECF No. 1 at 3.  For the reasons stated below, plaintiff's allegations cannot survive screening.

      1.   Conditions in Administrative Segregation

The allegations in the complaint are too vague and conclusory to state a cognizable claim based on the alleged conditions of confinement in administrative segregation.  If plaintiff wishes to pursue an Eighth Amendment claim based on the restrictions in administrative segregation, he must plead facts that (a) more clearly describe the restrictions and (b) show that those restrictions were punitive and not permissible "regulatory restraints" justified by security considerations.  *See Bell v. Wolfish*, 441 U.S. 520, 537 (1979); *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004).

      2.   Mental Health Crisis and Staph Infection

The allegations regarding plaintiff's mental health and medical needs are also too vague and conclusory to state a cognizable claim for relief.  If plaintiff wishes to pursue a claim that he was denied adequate mental health or medical care, he must plead facts showing that a defendant acted with deliberate indifference to his serious medical needs.  *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (*en banc*) (noting that such claims, if brought by an inmate not yet convicted, arise under the Fourteenth Amendment's Due Process Clause).

      3.   Denial of Privileges Because of Race

The allegations that plaintiff was denied the same privileges as other inmates on the basis of race are also insufficient to state a cognizable claim for relief.  To state a cognizable claim under the Equal Protection Clause, a prisoner "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Monteiro v.*

*Tempe Union High School District*, 158 F.3d 1022, 1026 (9th Cir. 1998). Here, plaintiff alleges he was housed in administrative segregation because of his gang affiliation. Although plaintiff alleges it was "racist," he has not pleaded facts actually showing that his placement or treatment in administrative segregation was because of his race. He has also not clearly specified how he was treated differently from similarly situated inmates solely because of his race.

4. County/Individual as Defendant

If plaintiff wishes to name San Joaquin County as a defendant for any of his claims, he should note that a municipal entity or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

If plaintiff wishes to name an individual as a defendant, he must show how that defendant personally participated in the deprivation of plaintiff's rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Leave to Amend

In any amended complaint, plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 6) is granted;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the San Joaquin County Sheriff filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and
4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: November 2, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE